LITTLE, et al. *v.* LITTLE, et al.

Oct. 26, 1953

No. 38852 40 Adv. S. 51 67 So. 2d 462

*W. U. Corley* and *John K. Keys,* Collins, for appellants.

*Hugh McIntosh,* Collins, for appellees.

LOTTERHOS, J.

This case involves the title to certain farm land in Covington County which was originally owned by C. M. Little, the wife of J. T. Little, and was occupied as their home. There is of record in that county a deed dated January 10, 1931, by which J. T. Little and C. M. Little conveyed said land to four of their children—D. L. Little, Loretta Little Godfrey, Fairley Little, and Laverne Little. This deed was filed for record on July 5, 1933; the consideration was the assumption of certain debts secured by deeds of trust; and the deed provided that the grantors should retain occupancy and possession during their natural lives. J. T. Little died in 1943, and his wife,

C. M. Little, died in 1937, both being intestate. Their heirs consisted of ten living children and the two children of a deceased son.

Prior to February, 1952, certain of the heirs of J. T. Little and C. M. Little, including Paul Little, Mrs. Effie King and Mrs. Beulah Sellers, appellants in the case at bar, filed a suit in chancery court against the grantees in the above mentioned deed, which, according to testimony in the present record, was an attack upon the validity of the deed of January 10, 1931, and also a suit for an accounting to Paul Little for certain money alleged to be owed him. The pleadings in that suit are not shown in the present record. Said suit now referred to, which was No. 2108 on the docket of the chancery court, will be hereinafter referred to as the first suit.

In February, 1952, the first suit came on for trial and testimony was heard for about a day and a half. Thereupon, the proceedings were stopped because of negotiations for a compromise and settlement. A compromise agreement was signed providing for the payment of $500 by the defendants, the grantees in the 1931 deed, and for dismissal of the suit. The compromise agreement was signed in the name of the several complainants and the several defendants by their respective attorneys. A decree was entered in the first suit on February 21, 1952, dismissing it with prejudice and reciting that it had been compromised.

On March 15, 1952, the bill of complaint in the present suit was filed by Paul Little and six other heirs of J. T. Little and C. M. Little against the four grantees in said deed and also against one other heir who had not joined as a complainant. The parties complainant and defendant in this present suit constitute all of the heirs of J. T. and C. M. Little. The purpose of the present suit was to set aside the deed of 1931, to establish the title of the complainants as heirs of the original owners, and to cancel the alleged compromise of the first suit and the

decree entered in said suit, upon the claim that the compromise was not approved by the complainants, that their attorney had entered into the same without their authority, and that they had not read and were not bound by certain deeds that were executed by them in February, 1952, to consummate the compromise. In that connection, it should be noted that in February, 1952, on and near the day of the compromise decree, all of the heirs except the four grantees in the 1931 deed executed conveyances to said four grantees conveying said land, and said deeds were placed of record. The four defendants who were grantees in the 1931 deed filed a cross-bill to confirm their title.

In this situation the present suit came on for trial, and a great amount of testimony was heard by the court, consisting on appeal of three large volumes. We find it unnecessary to summarize this testimony, but will merely state that there was a direct conflict in the evidence on every material point in the case. At the conclusion of the trial and after hearing this large quantity of conflicting testimony, all of which has been very carefully examined by this Court, the chancellor entered a decree for the defendants, denying the various claims of the complainants, including the three appellants here, and confirming the title of the four grantees in the deed of 1931, and in the deeds of February, 1952, under the prayer in their cross-bill. In his decree, he found that "on January 10, 1931, J. T. Little and his wife, C. M. Little, executed a warranty deed to D. L. Little, Loretta Little Godfrey, Fairley Little and Laverne Little, which appears of record in Deed Book 69, Page 92 of the records of said county and that the said deed was executed by the said grantors and operated to convey to the grantees therein fee simple title to the hereinafter described land."

Numerous propositions are assigned as error and several of them are argued in the brief. It is contended that

the decree in the case at bar is against the weight of the evidence and should be reversed for that reason; and it is argued that the court erroneously permitted the attorney who represented the complainants in the first suit, but who did not represent them in the present suit, to testify on behalf of the defendants here as to the circumstances of the compromise in February, 1952, and that the parties knew what they were doing. The court below overruled an objection to this testimony upon the ground that the complainants had gone into the same matters in attacking the validity of the compromise and that any privilege which existed was waived. Other assignments of error are, in our opinion, unnecessary to mention.

We are satisfied from an examination of the testimony in this record that the finding by the chancellor that the 1931 deed was validly executed is amply supported by the proof. This case is a good example of the proper application of the well established and long recognized rule that █ when the finding and decree of a chancellor rests upon conflicting evidence of such character that it cannot be said that his action is manifestly wrong, his finding and decree will be affirmed. █ The evidence with respect to the validity of the deed of 1931 is voluminous in quantity on both sides and is in sharp conflict in all particulars. Therefore, the chancellor was amply justified in his finding and we cannot say that he was wrong in his decision.

In view of our holding on this proposition just stated, it is unnecessary for us to discuss the question whether there was error in admitting the testimony of the attorney who represented appellants in the first suit, because, whether or not there was any invalidity in the compromise of said suit, when it is established that the conveyance of 1931 was valid and vested title in the four grantees in said deed, then there is an end to any claim of title by the complainants, including the three appellants here.

We note as a matter of interest that the decree of the court below directed that the sum of $500, which was the agreed payment under the compromise of the first suit, and which had not been paid to the complainants therein because of their refusal to accept it, should be paid into the registry of the court by the defendants, appellees here, and by the clerk in turn paid over to the three appellants. The record shows that said sum has in fact been paid into the registry of the court.

For the reasons stated, we are satisfied that this case should be affirmed, and we feel that it is unnecessary, in view of the basis for this holding, for us to engage in a further and more elaborate discussion of the testimony in this case, or to comment on the points of law which have been argued in the briefs, other than those referred to above.

Affirmed.

*Roberds, P. J.*, and *Kyle, Arrington*, and *Ethridge, JJ.*, concur.